OSWALD *against* GILFERT.

THE declaration contained two counts, substantially the same, for a breach of covenant, contained in a lease, given by the plaintiff to the defendant, during her natural life, for lot no. 13. in *Maiden-lane*, in the city of *New-York*, at an annual rent of 750 dollars, payable quarterly. The defendant covenanted and agreed that he, his executors, administrators, or assigns, would pay " all taxes and assessments *of every kind whatsoever*, which should be laid or imposed on the premises during the said term." The declaration further stated, that on the 7th of *October*, 1811, an ordinance was made by the corporation of the city of *New-York*, for altering, &c. the said street ; and, according to the statute, an estimate of the expenses of such alteration was made, and also an assessment on the lots, &c. which was done, and was ratified by the corporation : that the lot in question was assessed, and charged with 568 dollars and 50 cents, which the defendant refused, and the plaintiff was obliged to pay. To this declaration there was a demurrer and joinder, which was submitted to the court without argument.

*Where a lease of a lot in the city of New-York contained a covenant that the lessee should pay all taxes and assessments of every kind whatsoever, which should be imposed on the premises,—he was held liable for an assessment imposed by the corporation for altering a street.*

YATES, J. delivered the opinion of the court. The defendant is clearly liable to pay the amount of the assessment ; the covenant will admit of no other interpretation. It cannot be distinguished from the case of the *Corporation of the City of New-York* v. *Cushman*. (10 *Johns. Rep.* 96.) The reasons are more cogent in this case. The lease there was for a term of years; the one before us is on a demise during the natural life of the plaintiff ; and the terms of the covenant here, if there is a difference, are more comprehensive. The defendant covenants to pay all taxes and assessments of every kind whatsoever, &c. ; the demand, consequently, falls within the plain and evident meaning of the contract between the parties.

Judgment for the plaintiff.