Van Ness, J.,
delivered the opinion of the court. The stipulation in the concluding part of the lease, prohibiting the lessee from making alterations in the buildings, rests in covenant merely, and is not made a condition for the breach of which the estate is forfeited. Nor can the lessor of the plaintiff avoid the lease, because one of the buildings was underlet. The condition in the lease is, that the lessor shall not “ assign over, or otherwise part with, this indenture, or the premises thereby leased, or any part thereof, to any person,” áse. These words must be construed to mean an assignment of the premises, or part of them, for the whole term ; and no forfeiture is incurred by letting for a shorter period ; under-leases not being considered as coming within the terms of the condition, or proviso, (a) This principle was fully settled, in the case of Crusoe, ex dem. Blencowe, v. Bugby, (3 Wils. 234.) and has been repeatedly sanctioned since, and applied to conditions expressed in stronger terms than in the present case, A lease may be so expressed as to produce a forfeiture for underletting, as well as for assigning the whole term ; but this is not the language of the lease in question.
The plaintiff equally fails in showing a right of re-entry, by reason that the defendant did not pay the United States’ tax, because, the indispensably necessary step of making a demand of the defendant, within the period required by law, in order to create a forfeiture, was not taken.
It remains to be considered, whether the plaintiff is entitled to recover, on the ground that a forfeiture has been incurred by the non-payment of the rent. This is a proceeding at common law, and the claim of the plaintiff being siricii juris, all the niceties required by the common law must be previously complied with, to entitle the reversioner to re-enter. There must be a demand of the rent due on the last day, a convenient time before sunset; and, if there be a house on the land, the demand must be made at the house of the tenant, if he is at home. Several other things *are required to be done, which it is not necessary to detail for the purpose of deciding this case. (Co. Lift. 201. b. 202. a. 1 Sound. 287. n. 16. and the cases there cited.) Orj the 1st and 20th of November, 1817, *67 Reid, the agent of the lessor of the plaintiff, went to the house of the defendant, (the lessee,) in the afternoon, and demanded payment of the quarter’s rent, then due ; but the defendant answered, “ he could not pay.” A similar demand was made by the agent, on the 1st and 20th of February, in the same year, of the quarter’s rent then due, and the defendant promised to pay it, but did not. The question is, whether or not, under these circumstances, the right to re-enter accrued. I think it did not. The agent says he made the demand “ in the afternoon now, this may have been immediately after 12 o’clock, and a demand at so early an hour would not be good. “ The last time of demand of the rent,” says Lord Coke, “ is such a convenient time before the sun-setting of the last day of payment, as the money may be numbered and received.” And it is laid down by Hale, Ch. B., that the time of sunset is the time appointed by law to demand rents ; (Duppa v. Mayo, 1 Sound. 287.) and, though this is probably not literally correct, yet it serves to show that the demand necessary to be made, to create a forfeiture, must be immediately preceding sunset, so that the money may be counted, and the necessary receipt or acquittance given, while there is light enough reasonably to do so. This may appear to be unnecessarily rigorous, and a sacrifice of substance to form ; but when it is considered that the consequence of a proceeding of this kind, is the forfeiture of the tenant’s whole interest under the lease, every necessary form which the law has prescribed must be most scrupulously observed. “ The court have always looked nearly into these conditions, covenants, or provisoes.” (Crusoe v. Bugby, 3 Wils. 234. ) It was incumbent on the plaintiff to have shown during what part of the afternoon the demand was made, and that it was towards sunset, or late in the afternoon. The defendant, in a ease of this description, had a right to remain passive, and to avail himself of any defect of proof on the other side, necessary to establish his right to *recover. This point being decisive, the other objections to the plaintiff’s right to recover need not be noticed. The defendant is entitled to judgment, (a)
Judgment for the defendant.

 So, where a lessee for lives covenanted not to sell, dispose of.\ or assign his estate in the demised premises, without the permission of the lessor. &-c. It was held that a lease of part of the premises by the lessee for twenty years, was not a breach of the covenant; and that nothing short of an assignment of his whole estate would produce a forfeiture of the lease. Jackson, ex dem. Stevens, v. Silvernail, 15 Johns. Rep. 278.

 To entitle the reversioner to re-enter, when there is a condition of reentry reserved for non-payment of rent; the common law requires that there should be a demand of the rent. The demand must be of the precise rent due. It must be made precisely upon the day when the rent is due and payable, and made a convenient timé before sunset. It must be made on the land and at the most notorious place of it; unless a place is appointed where the rent is payable ; in which case the demand must be made at such place. And the demand must be made in fact and so averred in pleading, although there should be no person on the land ready to pay it. 1 Sound. 287. p. 16. See also Remsen v. Conklin, 18 Johns. Rep. 450. Jackson, ex dem. Lewis, v. Schütz, Ibid. 174. Van Rensellaer v. Andrews, Hid. 431. As to waiver of the rights of forfeiture, see Jackson, ex dem. Norton, v. Sheldon, 5 Cowen, 458. Jackson, ex dem. Blanchard, v. Mien, 3 Cowen, 220.