THE PRESBYTERIAN CHURCH'S LESSEE *v.* A. & J. W. PICKET, ET AL

Ejectment—legislative power—landlord and tenant—covenants—forfeiture.

The legislature has power to transfer property held by trustees for an unincorporated company, to the body when incorporated.
A tenant cannot dispute the title of his landlord in ejectment, until he has restored the possession.
Covenants of forfeiture are to be construed strictly and most strongly against the party claiming a forfeiture.
Forfeitures are not favored, and are adjudged even in courts of law upon *strict right.*

EJECTMENT, to recover possession of the west half of lots 130 and 140 in Cincinnati. The plaintiff, on the 21st of April, 1814, by written lease conveyed the premises to the Cincinnati Lancaster Seminary, for ninety-nine years, renewable forever, upon a nominal rent. The trustees of the seminary in the lease covenanted for themselves and their successors and assigns, amongst other things, to build a house and keep it in repair: that it should be used exclusively for the accommodation and support of a seminary or seminaries of learning, but allowing the seminary to rent any room for the use of a library, or for the accommodation of any school or literary association, formed and conducted for the diffusion of useful knowledge, and prohibiting the seminary from letting or using it for any purpose not mentioned, or to occupy it for any trade. The seminary covenanted to instruct gratis twenty-five poor children in the junior department, organized on the plan of Joseph Lancaster, who were to be designated in writing by the session of the Presbyterian

Presbyterian Church's Lessee *v.* Picket.

Society to the directors of the seminary; and also covenanted to *instruct gratis, in the senior department of said seminary, for **[58** higher branches, three poor children, or young men, who were to be selected as those for the junior department were.   It was stipulated that the lessees should *forfeit* the estate, and the lessors might re-enter and possess the premises, if the seminary, 1. should suffer the building to be occupied for any trade, or other use than for the purposes expressed in the lease; or, 2. should suffer the seminary to be discontinued, or the education of youth on the premises to be suspended for more than eighteen months at any one time; or, 3. should neglect or refuse to instruct the twenty-five poor children selected as aforesaid; or, 4. should neglect or refuse to instruct the three young men selected as aforesaid.

The lessors of the plaintiff were incorporated on the 12th of January, 1807; 5 *O. L.* 76.   The Lancaster Seminary was incorporated the 4th of February, 1815; 13 *O. L.* 132; and the Cincinnati College on the 22d of January, 1819; 17 *O. L.* 46.

It was proven that the defendants were put into possession by the Lancaster seminary and the college, and that the building had been occupied for schools of various kinds, although no Lancaster seminary had been kept there for more than eighteen months before the suit was brought.   No poor children or young men had been designated in writing, or offered to either department of the seminary within eighteen months, though *conversations* were proved to have taken place between some members of the *session* of the church and some of the officers of the seminary about the tuition of the poor children, in which the officers of the seminary admitted she had no Lancaster school.   Depredations had sometimes been committed by boys and others on the edifice, which had not been repaired. Upon this evidence,

*Storer, Fox* and *N. Wright,* for the plaintiff, claimed to recover, on the ground that the estate was forfeited, by the neglect of the defendants to keep up the Lancaster school; by their neglect to educate the poor children and young men; and by their suffering the buildings to remain out of repair, and to be occupied for other purposes than those expressed in the lease.   They cited 8 *Woodf. L. & T.* 151.

*Hammond, Caswell, Starr, King* and *V. Worthington,* contra, insisted that the defendants were not connected with the seminary, and that the legislature could not transfer the covenants in the lease from the trustees of the seminary to the college.

Bisbee v. Hall.

BY THE COURT. The general assembly has in express terms transferred the interest in this lease, held by A. B. and C., trustees **59]** of *the unincorporated, to the incorporated seminary. We think they had power so to do. The seminary has taken the benefit of the lease, and the defendants were put into possession under it. Neither they nor the seminary, then, can dispute the title of the church, their landlord, until they have first restored the possession.

The rule of law, however, requires of the court a construction of the lease, most strongly against the lessors, and the more so, as they claim a forfeiture, which the law does not favor. Under the common rule of construction, no forfeiture can be adjudged against the lessees, for not keeping the building in repair, or suffering it to be used for purposes not mentioned in the deed. As to the first, the omission to repair does not work a forfeiture under the lease. There is a stipulation to keep in repair, but none for forfeiture in case of failure. The second will not work a forfeiture, because schools are amongst the objects expressed in the lease, and schools have been kept up all the time. As to the omission to educate the poor children and young men, before the plaintiffs can work a forfeiture upon that ground, they must show affirmatively that the scholars have been designated in writing by the session, and the list furnished the seminary, according to the terms of the lease; the conversations in proof do not excuse them. The law is very strict in respect to forfeitures, and we are not disposed to relax it. 2 *Phil. Ev.* 178; 17 *John.* 66.

Verdict and judgment for the defendants.