Ruffik, C. J.
 

 The instructions given to the jury are erroneous. The error probably arose from not adverting to the difference between a right to a forfeiture of the term, by the breach of a covenant or condition contained in a lease, and a right to the rent, or to damages or .other things secured bj^ the lease. No doubt the rent remains, though not demanded at the day, and may be recovered by distress or an action ; and, to save himself from the costs of those proceedings, the lessee must be aetive in paying or tendering the sum due to the lessor. But the law leans against forfeitures, and is very strict in requiring a lessor to do every thing literally, at the time and place needful to work it. The lessor is not compelled to avail himself of a forfeiture, but he may waive it; and, therefore, where the agency of the landlord is involved in any way in the aet, which is to work or prevent a forfeiture, he ought so t© act as to make it appear clearly, that he means to insist upon the forfeiture, and thereby enable the other party, by compliance in time, to save his land. We have no statute upon the subjeet, but the eommon law in all its rigour is in foree here. The rules upon this point are distinctly stated by Lord Coke, and the first is, that, if the feoffor do not demand the rent behind, he shall never re-enter ; Co. Lit. 201, and the annotator on that passage adds: “ so it is, if there be a
 
 nomine pcence
 
 given to the lessor for non-payment, the lessor must demand the rent before he can be entitled to the penalty; even if the clause be, that, if the rent be behind, the estate of the lessee shall cease and be void, because the presumption is, that the lessee is attendant on the land to save his penalty and preserve his estate, and therefore, he shall not be punished without a
 
 wilful
 
 default,
 
 which cannot he made appear without a demand he proved,
 
 and that it was not answered.” j 2 Thomas Coke 92, note 2. The idea of his Honor was, that where it was clear, that
 
 *68
 
 the lessee was not ready, it amounted to a' default, and that a demand is dispensed with when it is seen, that, if made, it would have been ineffectual. It is true, there was a default in the lessee, but not such an one as worked a forfeiture, without a demand by the lessor, for it cannot be told that the lessee or some friend for him, if required, would not have given the requisite security. But the law on this point is so very strict, against indicting a forfeiture upon any implication whatever, that it has been held, that the demand for the rent must be made
 
 in
 
 fact, although there should be no person on the land to pay it, and therefore it Avas manifest that the demand would be ineffectual.
 
 Kilwolly
 
 vs. Brand, Plow. 70. 1 Wms. Saund. 287, a. noto 16.
 

 It is true, this is not a forfeiture for the non-payment of rent arrear; but it stands upon the same reason, being partly of the term for not securing rent as stipulated, and partly a forfeiture of an additional sum of $20,
 
 nomine panes,
 
 therefor. There arc other covenants, for the breach of which forfeitures have been enforced, without any demand or other act of the lessor; such as covenants not to assign, to repair, or to insure. But in those cases, no further agency of the lessor in any thing, to which the covenants relate, is involved ; but the matter is wholly between the tenants and third persons. No interposition of the lessor could prevent or hasten the action of the lessee, more than was done in the lease itself. But here, the pecuniary penalty of $20 is to accrue to the lessor, and therefore, according to the authorities cited by M. Hargrave, there must be a demand before that is incurred. Precisely for the same reason, the bond with surety for the rent to accrue for the ensuing year, which was to be given to the lessor, ought by him to have been duly demanded on the day, when it was to have been delivered, before he can insist upon a forfeiture' of the term. Indeed, in New York it lias been held, where the condition was, that the lessee should pay all taxes, that the lessor, could
 
 *69
 
 not re-enter for the failure of the tenant to pay a direct tax to the United States, without shewing a demand of payment, although there was an express clause, that, if any tax should be behind and unpaid 20 days after it ought to have been paid, the lessor might distrain or reenter.
 
 Jackson
 
 v.
 
 Harrison,
 
 17 John. 66.
 

 Eeh Curiam. Judgment reversed and
 
 venire de novo.