[The three following decisions of CHIEF JUSTICE LEE, at Chambers, were published in the *Polynesian* of April 3d, 1852.]

## P. A. WIRT and KAIAKAWAHA, Executors of J. W. J. Dawson, *vs.* THOMAS PHILIPS.

Lessor for a term of years cannot re-enter on the demised premises, for non-payment of rent, unless the lease contains a proviso for forfeiture and re-entry, upon non-payment.

This is a motion for a new trial based on the following case:

J. W. J. Dawson and the defendant Philips entered into a lease for a piece of land on the 12th day of November, 1849, which lease is in the following terms:

" THIS INDENTURE, made the 12th day of November, one thousand eight hundred and forty-nine, between Thomas Philips, of the Island of Maui, of the one part, and J. W. J. Dawson, of the Island of Oahu, of the other part, *witnesseth*, that the said Thomas Philips, for and in consideration of the rents, covenants and agreements hereinafter mentioned and reserved on the part and behalf of the said J. W. J. Dawson to be paid, done and performed, hath granted, demised and leased, and by these presents doth grant, demise and lease unto the said J. W. J. Dawson, his executors and assigns, all that piece of land situated in Nuuanu Valley, Island of Oahu, and known by the name of Kaimuohena, with all and singular its appurtenances and privileges as set forth in the original grant.

*To have and to hold* the said piece of land with its appurtenances and privileges whatsoever unto the said J. W. J. Dawson, his executors or assigns, from the date hereof, for, during, and until the full end and term of seven years, fully to be complete and ended ; yielding and paying therefor, yearly and every year, during the said term, unto the said Thomas Philips, his executors or assigns, the yearly rent of one hundred dollars, in one payment annually, the first thereof to be made on delivery of this indenture, and so on in advance for each successive year, to the termination of the said term or lease. Furthermore, the aforesaid J. W. J. Dawson, on his part hereby agrees to take the said piece of land as it now is, and at the expiration of the said term of seven years to leave all buildings and improvements whatsoever made and performed by him, the said J. W. J. Dawson, upon the aforesaid piece of land in reasonably good condition, without the aforesaid Thomas Philips, paying therefore any sum or sums of money whatsoever. And the said J. W. J. Dawson at the expiration of the term hereby granted, his executors and assigns, shall and will quietly and peaceably leave and surrender and yield up unto the said Thomas Philips, his executors and assigns, the said piece of land in as good condition as it now is."

Dawson paid the advance rent on the delivery of the lease, took possession of the land, and occupied it until his decease, when it came into the keeping of his executor Wirt, who planted and improved the same up to July last, at which time the defendant Philips entered upon the land, taking forcible possession of the same, together with the crops thereon, and giving as a reason for so doing the non-payment of the second year's rent. Wirt then brought an action of trespass in this court against the defendant, to recover damages for the forcible

entry and dispossession, and on the trial of the same at the last October term, JUDGE ANDREWS charged the jury that Philips had no right to re-enter for the non-payment of rent, as the lease contained no condition giving him that power; and thereupon the jury found a verdict in favor of the plaintiff for the sum of one hundred dollars.

Philips now moves for a new trial on the ground that the charge of the judge was contrary to law.

It is argued by the learned counsel in favor of the motion, that the payment of the rent in advance, stipulated for in the lease, is a condition precedent, which Dawson failed to perform, and consequently that his estate in the land became forfeited, and Philips entitled to re-enter.

The lease conveys the land to Dawson, " for, during, and until the full end and term of seven years, fully to be complete and ended ; yielding and paying therefore, yearly and every year during the term, unto the said Thomas Philips, his executors and assigns, the yearly rent of one hundred dollars, in one payment annually, the first thereof to be made on the delivery of this indenture, and so on in advance for each successive year, to the termination of the said term or lease." Now it is admitted that the rent for the first year was paid on the delivery of the lease, and, granting the view taken by the learned counsel, that the payment of the rent in advance is a condition precedent, which must be performed before the estate can vest in Dawson, to be a correct one, which we think is not the case, what remains to be done to render Dawson's title complete ? But, say the learned counsel in reply, this is only a lease, from year to year, and the estate of Dawson, though fully vested, determines every twelvemonth, in case the rent is not paid in advance; and Philips becomes entitled to re-enter. In other words the condition precedent is a continuous one, springing up at the close of every year. Not so in our opinion. The lease is one for the *" the term of seven years fully to be complete and ended,"* and the estate of Dawson having once vested, it makes no difference whether the rent is payable in advance, or six months from the commencement, or at the close of each year, and Philips cannot forcibly re-enter and dispossess his executor, without some proviso expressed in the lease, giving him that power. In this case the lease contains no condition for forfeiture, or clause for re-entry in the event of the non-payment of the rent, when due, and such conditions cannot be implied by law. "A condition for re-entry," say the books, " cannot be created but by express words," and, " cases of forfeiture are not favored in law." Vide 5 Bacon's Abridgement, (Title, Leases and Terms for years,) p. 669 *et seq.* 1 Hilliard on Real Property, pp. 348, 349 *et seq.*, and the authorities there cited. Nay, more, so indulgent is the law, that in some cases, where a forfeiture is expressly stipulated for in the lease, courts of equity will relieve against it; and the renowned Judge Story, in his learned Commentaries on Equity Jurisprudence, Vol. 2, §1315, while treating of relief against penalties and forfeitures in general, holds the following language: " The same doctrine has been applied by Courts of Equity to cases of leases, where a forfeiture of the estate, and an entry for the forfeiture is stipulated in the lease, in case of the non-payment of the rent at the regular days of payment; for the right of entry is deemed to be intended to be a mere security for the payment of the

rent." And further on he says: "And in cases of this sort, admitting of compensation, there is rarely any distinction allowed in Courts of Equity, between conditions precedent, and conditions subsequent; for it has been truly said, that although the distinction between conditions precedent and conditions subsequent is known and often mentioned in Courts of Equity, yet the prevailing, though not universal, distinction as to conditions, there is between cases where compensation can be made, and cases where it cannot be made, without any regard to the fact, whether they are conditions precedent or conditions subsequent."

It is the general practice here and elsewhere to insert in leases a proviso for forfeiture and re-entry in case of the non-payment of rent, and where a lease is silent on this point, no such condition can be created by implication. Philips in the forcible entry and dispossession of the plaintiff mistook his remedy, and the motion for a new trial is denied.

Mr. Burbank and Mr. Harris for the motion.
Mr. Montgomery, contra.

