DUTCHESS CIRCUIT. September 1854. Before *Dean*, Justice.

## THE PEOPLE *vs*. FRANK MACK.

A recognizance taken by a justice of the peace, for the appearance of the accused to answer to a criminal charge, must require his attendance at the next criminal court having cognizance of the offence.

Where a recognizance was conditioned for the appearance of the accused at the next court of Oyer and Terminer, to be held in the county in June then next, and it appeared that a court of Sessions was appointed to be held and was in fact held in the same county, on the second Monday of May of the same year, at which a grand jury was required to attend and did attend and was sworn and heard complaints, such court of Sessions having cognizance of the offence charged, the recognizance was held void and in an action upon it against the bail, judgment was given for the defendant.

Where a justice of the peace was authorized to hear a complaint and take a recognizance only in the absence of the police justice residing in the same town, and in an action on a recognizance taken by such justice of the peace, it was alleged in the answer that such police justice was not absent from the town when such recognizance was taken, but no proof on that point was introduced on the trial, it was held that the legal presumption, in the absence of proof, was that the justice of the peace did not transcend his jurisdiction.

The defendant was sued in the Supreme Court, on a recognizance entered into by him as a bail of one Smith, conditioned for his appearance to answer a criminal charge. An answer was put in, by which issue was joined, and the cause was brought to trial at the Dutchess Circuit, before Mr. Justice Dean, and was tried by the court without a jury. The questions arising on the pleadings and the evidence at the trial are stated in the opinion of the court.

*J. C. Campbell*, (Dist. Att'y,) for plaintiff.

*J. F. Barnard*, for defendant

*By the Court*, DEAN, J.—This is an action on a recognizance. The complaint states that on the 24th March, 1854, Henry A. Smith was brought before a justice of the peace in Poughkeepsie on a warrant for larceny. After the usual examination, the

justice decided that there was probable cause to believe said Smith guilty of the offence with which he was charged, and required him to give bail for his appearance at the next court of Oyer and Terminer to be held in Dutchess county, to answer said charge, which court was in June, 1854. Thereupon, Smith, with the defendant as his surety, entered into a recognizance before the said justice in the sum of $500 for the appearance of Smith at the Oyer and Terminer. Smith did not appear, the recognizance at the June Oyer and Terminer was forfeited, and an order to prosecute entered.

The answer admits the facts in regard to the arrest and giving of the recognizance, but sets up as a defence that the justice of the peace who took it resided in the city of Poughkeepsie, and only had jurisdiction of the offence charged in case of the absence of the police justice, and denies that he, at the time this recognizance was taken, had any jurisdiction.

It further says that a court of sessions was regularly and legally appointed to be held in Poughkeepsie, for the county of Dutchess, in the second Monday of May, 1854. That at said court a grand jury was required to attend and did attend, were sworn and heard complaints, and that said recognizance is void, because it did not require the attendance of the accused at the next court having cognizance of the offence.

On the trial, the facts stated in the complaint were admitted, as were also the appointment and holding of the Court of Sessions in May, and the sitting of the grand jury at that court. No evidence was given or offered, in reference to the absence of the police justice from Poughkeepsie, at the time the recognizance was taken.

A justice of the peace being an officer whose jurisdiction in criminal cases extends to every portion of the county, and who has general power to take a recognizance in cases where the punishment does not exceed a prescribed limit, the legal presumption, in the absence of proof, is that he did not transcend his jurisdiction.

The other question is one of more importance, and which I do not find decided in any case. It will be necessary therefore

The People *v.* Mack.

to examine it upon principle. In 4 *Black. Com.* 296, it is said the person accused, if a case is made out against him before a justice of the peace, " must either be committed to prison or give bail, that is, put in securities to answer the charge against him. This commitment therefore being only for safe custody, whenever bail will answer the same intention, it ought to be taken."

The same author, in speaking of the nature of bail, calls it " a delivery of bailment of a person to his securities, upon their giving together with himself sufficient security for his appearance, he being supposed to remain in their friendly custody instead of going to jail." Instead therefore of being delivered into the hands of the sheriff or keeper of the jail, the prisoner is to be kept by his bail. The custodian is only changed. But till what time is his bail to keep him? Clearly, if no different rule is established by statute or the common law, for the same time that the keeper of the jail under the commitment could keep him, until the sitting of the next court having cognizance of the offence. Then, if the grand jury fail to indict, the prisoner is entitled to his discharge. This is the practice at common law. Our statute, (2 *R. S.* 758, § 26,) makes it the duty of the court of Oyer and Terminer and Sessions, within twenty-four hours after the discharge of the grand jury, to cause every person confined in the county prison, on a criminal charge, who shall not have been indicted, to be discharged without bail, unless satisfactory cause is shown for detaining him in custody, or for requiring him to give bail.

But besides this provision, which alone should settle the question as to the time when the bail is to produce the principal, is the provision of the statute, (2 *R. S.* 709, §§ 21, 22,) which authorizes the magistrate taking the examination to require the prosecutor and all the material witnesses against the prisoner, to enter into a recognizance to appear and testify *at the next court having cognizance of the offence and in which the prisoner may be indicted.* The only power that an officer has to bind a witness to appear and testify is here contained. The absurdity of requiring the witnesses to attend at one court and the prisoner

at another need only be mentioned to be understood. If we look at the power of bail over their principal, the necessity of this limitation will be apparent. They have the custody of the principal, and may take him at any time or in any place. His dwelling house is no longer his castle, but may be entered without his leave by day or by night, on week day or Sunday. The liberty of the citizen as much requires that there should be some limitation as to the time that this custody shall continue, as that the person in actual confinement should be discharged, on the failure of the grand jury to indict, at the first court after the commitment. Besides, if the officer taking bail can require the prisoner to give bail for his appearance at the next court but one, why may he not as well put it at the third or fourth court or even at a longer period? If the law does not determine to which court a prisoner shall be recognized, then it is discretionary with the officer taking bail, and it might become an intolerable means of oppression. I have no doubt that the common law is well settled on this subject. All the analogies of our statutes are in favor of this limitation. The defendant is therefore entitled to judgment.

Judgment for defendant.

