*10 By the Court,
Monell, J.
None of the objections to the proceedings instituted for the widening of Reade street, were well taken. .
It was not necessary to express, in the resolution, or in any part of the proceedings directing the improvement, that in the opinion of the mayor, &e, it was deemed necessary or desirable for public convenience or health. The common council in entertaining the application and passing the resolution, necessarily exercised the discretionary power given by the statute, and are presumed to have formed an opinion of the necessity or desirableness of the alteration.
Under a somewhat similar provision in the state constitution, which prohibits the granting of special charters, except where, “ in the judgment of the legislature,” the object cannot be obtained under- a general law, it was held that it was not necessary to express such judgment in a special charter. (People v. Bowen, 21 N. Y. Rep. 517.)
The objection that the commissioners were not appointed according to the act of April 20, 1839, even if tenable, is unsupported by evidence. The court having jurisdiction, every intendment is in favor of the regularity and sufficiency of the subsequent proceeding. Especially will it be presumed that the court obeyed the mandate of the statute. (People v. Mack, 1 Park. Crim. Rep. 567. Stafford v. Williams, 4 Denio, 182. Butler v. The Mayor, 1 Hill, 489.)
But the evidence shows, if it shows any thing on the subject, that the commissioners were appointed in accordance with the statute referred to.
Two only of the first commissioners acted. One wholly declined to act. Those two, under the provisions of sections 178, 188 of the act of 1813, (2 R. L. 1813, 408,) went on and completed the assessment, when it was discovered that the provision in the act of 1813, authorizing two commissioners to'act, had been repealed by section 7, of article 1, of the state constitution. The report of the two commissioners was therefore void; and the appointment of new commissioners was entirely regular.
*11 But we think the plaintiffs can recover only nominal damages.
The action is founded upon the -breach of a covenant to pay an assessment. The omission of the defendant to pay was a violation of his covenant, and a right of action at once accrued to the plaintiffs.
A broken covenant to pay money can be satisfied only by damages. To the extent that the covenantee is injured he can be recompensed.
Until, therefore, the plaintiffs have paid the assessment, they can have nominal damages only. The mere imposition of a burthen upon the lands, which, if not removed, might affect the interest of the reversioners, is not such an injury as will enable the latter to recover at law, and as damages, the whole sum imposed.
In all the cases that I have found, where the action was brought to recover upon a covenant to pay taxes, &c. with a single exception, the payment hy the plaintiff, has been averred and proved. (Oswald v. Gilfert, 11 John. 443. Kearny v. Post, 1 Sandf. 105. Trinity Church v. Cook, 21 How. Pr. 89.)
In Bleecker v. Ballou, the declaration averred notice to the defendant, a requirement to pay the assessment, and the defendant’s refusal. The defendant demurred, and the court gave judgment for the plaintiff. The only question argued or decided was whether the assessment came within the covenant. The question of damages was not involved. In that case, however, the lessor’s interest had been sold to satisfy the assessment.
Where the lessor seeks to enter for covenant broken, actual payment is not necessary. Such were the cases of Jackson v. Harrison, (17 John. 66,) and Garner v. Hannah, (6 Duer, 262.) But I do not know of any case where it is held that in an action upon the covenant, for its breach, the lessor can recover more than nominal damages, unless he has himself paid. ■ And to allow it, would overturn all the established rules of damages in such actions.
Whether a court of equity can compel the lessee to pay, is a *12 question not now properly before us. The complaint demands no such relief; and it would not he right for the appellate court tq conform the pleadings to the proofs, as that would change the whole cause of action. If done at all, it should be doné at special term, where the question properly belongs.
I am of opinion that the exceptions should he sustained, and a new trial ordered, with costs to the defendants to abide the event.