E. C. GREENWELL *v.* M. G. SILVA.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED DECEMBER 3, 1901. DECIDED DECEMBER 13, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action by a landlord against his tenant for summary possession of the land demised, held that there was sufficient evidence to support the finding of the trial court that the defendant had committed a breach of the covenant to pay all taxes.

OPINION BY THE COURT, BY PERRY, J.

This is an action brought in the District Court of North Kona, Hawaii, under the statute, to recover summary possession of certain lands situate in North Kona. After various proceedings which need not be here detailed, the District Court rendered judgment for the plaintiff, from which judgment the defendant appealed to the Circuit Judge of the Third Circuit, at Chambers. The latter court, after trial, also gave judgment in favor of the plaintiff for possession of the property claimed. The defendant now appeals to this Court on points of law. Of these, the second and third, concerning rulings as to the admission or exclusion of evidence have not been referred to in argument and must be deemed to have been abandoned; the first is that the court erred in overruling defendant's motion, made at the close of plaintiff's case, for "judgment of dismissal" based on the ground that plaintiff had failed to prove her case; and the fourth, fifth and sixth present the question of whether or not there is sufficient evidence to sustain the findings and judgment.

At the trial before the Circuit Judge, the existence between the parties of the relation of landlord and tenant as to the land

mentioned in the declaration, was admitted by the defendant. The lease, which was offered and received in evidence, contains covenants by the lessee, for himself and his permitted assigns, to pay all taxes, to "clear said lands of lantana in parts suitable for cultivation and pasturage" and also not to "make or suffer any waste of the said premises," and is expressed to be upon the condition "that in case of breach of any of the covenants to be observed on the part of the said lessee  *  *  *  the said lessor or his heirs or assigns may  *  *  *  without any notice or demand enter upon the premises hereby demised and thereupon determine the estate hereby created and thereupon expel and remove the said lessee and those claiming under him and their effects." The plaintiff alleged in his declaration, and the Circuit Judge in his decision found, that the defendant had committed a breach of each of these three covenants.

On the question of whether or not the defendant had committed a breach of the covenant to pay all taxes, evidence was adduced on both sides, some tending to support that allegation and some tending to disprove it. There was clearly sufficient evidence, however, to support the finding that the covenant had not been complied with. Two sons of the plaintiff, one of them her agent in the matter of this lease and also in other matters of business, testified that plaintiff had paid the taxes and that the defendant had, after demand therefor, refused and failed to pay them; and the defendant himself stated in his direct examination that he had refused to pay the taxes when one of plaintiff's sons made demand for the same, although he adds that the reason for the refusal was, "because he" (plaintiff's son) "was not the tax collector." Counsel for the defendant contend in this Court that if a breach of this covenant was committed, it was waived by the plaintiff; but we find no evidence establishing the alleged fact of waiver.

The motion for "judgment of dismissal," assuming that by this was intended a motion for non-suit, was properly denied. Plaintiff had introduced evidence sufficient to constitute a *prima facie* showing of non-payment of taxes.

In view of the conclusion thus reached, sustaining the finding

as to non-payment of taxes, it is obvious that the judgment appealed from must be affirmed. It is unnecessary to pass upon the sufficiency of the evidence with reference to the finding of a breach of the covenants to clear said lands of lantana and not to suffer waste. It may be added that there may be a question,— one not raised or argued by counsel—as to whether the covenant, "and they will clear said lands of lantana in parts suitable for cultivation and pasturage," is to be construed as requiring such clearing within a reasonable time, which seems to be the view upon which the plaintiff and the court below proceeded, or merely at any time prior to the end of the term of the lease.

For the reasons stated, the appeal is dismissed.

*Smith & Parsons* for plaintiff.

*J. M. Vivas* and *C. C. Bitting* for defendant.