## IRENE B. CORNWELL *v.* JOHN F. COLBURN.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED MARCH 7, 1904.                    DECIDED MAY 6, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where a forfeiture of a term is claimed for a breach of a condition to pay taxes it is not error to admit evidence of the amount of taxes assessed, when the same became delinquent and the amount of the penalty incurred.

The lessee covenanted "to pay all taxes and assessments levied or assessed against the demised premises" and one of the "express conditions" in the lease, was that in case of "the breach of any of the covenants to be observed by the lessee, the lessor, after ten days default", may * * * "without any notice or demand enter into and upon the land and thereby determine the estate hereby created", and in a suit for summary possession for breach of this condition, *Held* that it was not necessary for the lessor to pay the taxes or to demand that the lessee pay them before insisting on the forfeiture thereby accruing.

OPINION OF THE COURT BY GALBRAITH, J.

This was a statutory action for the summary possession of leased premises on account of breach of conditions in the lease. The complaint alleges, "That the said defendant is now unlawfully in possession of those certain premises in Honolulu afore-

said, being a portion of Royal Patent Grant 368 to E. Smith, having a frontage of 100 feet on Kinau street and running back 150 feet, and being lot 157 on the Government map, as described in that certain lease from Irene M. Long, now Irene B. Cornwell, dated Sept. 7, 1898, a copy of which lease is attached hereto and made a part hereof marked A; and plaintiff says that said defendant now holds said premises without right in consequence of the determination of such tenancy by reason of a forfeiture under the terms and condition of said lease, to-wit: (1) by the failure of the defendant to pay the plaintiff for ten days after the same became due the sum of $75, being rent for said premises under the terms of said lease due September 1, 1902, $37.50, and March 1, 1903, $37.50; and (2) by a breach by defendant of a covenant in said lease to pay all taxes assessed against said premises for the years 1901 and 1902; and by reason thereof plaintiff has terminated said lease and has notified defendant that said lease has been forfeited, whereby the tenancy theretofore existing under said lease became terminated."

The lease stipulated for the payment of an annual rental of $75.00 payable semi-annually in advance and was for a term of twenty-five years from the first day of September, 1898. The lessee covenanted in the lease; (1) "that he will pay the annual rent semi-annually in advance", (2) "that he will pay all taxes and assessments levied or assessed against the demised premises during the term aforesaid", (3) "that he will not make or suffer any waste or any unlawful, improper or offensive use of the demised premises", etc. "Provided always, and these presents are upon these express conditions: That in case of the non-payment of the rent, or of a breach of any of the covenants to be observed on the part of the" lessee, the lessor, "after ten days' default in the payment of the rent reserved, or for the breach of any covenant herein contained, and while such neglect and default continues, without any notice or demand, may enter into and upon the land and thereby determine the estate hereby cre-

ated, and expel the" lessee or "those claiming under him, and such entry shall be a legal eviction."

The District Magistrate found for the plaintiff on the issues, holding that there was $37.50 rent due and $67.00 taxes and $6.70 penalty unpaid and gave judgment for the plaintiff for possession of the premises.

The defendant appeals to this court on points of law. The first point set out is, that the complaint does not state a cause of action. Whether or not this point is now available in this manner as no demurrer or other objection was made to the complaint in the court below it is unnecessary to decide since it will be readily seen from the body of the complaint hereinbefore set out that it does state a cause of action under the statute. (2) Errors admitting evidence of taxation. Objection was made to the admission of evidence of the amount of taxes assessed against the premises and due and unpaid. The complaint set out a breach of condition of the lease in failure to pay the taxes. The lease, the contract entered into between the plaintiff and the defendant, provided that one of the express conditions on which the premises were held and for a failure to keep which a forfeiture would accrue was a failure to pay "all taxes that might be assessed against said premises." The payment of taxes may be made a condition of forfeiture of a term. *Byrane v. Rogers,* 8 Minn. 247; *Tate v. Crowson,* 28 N. C. 65; *Bowman v. Foot,* 29 Conn. 331; *Jackson v. Harrison,* 17 Johns. 66; *Bacon v. Park,* 19 Utah, 246; *Greenwell v. Silva,* 13 Haw. 697. This evidence was clearly competent under the issues and it was not error to admit it. (3) Another point relied on by the defendant is that there was no demand made for the rent on the premises on the day the same became due and therefore there could be no forfeiture for non-payment of rent. It is insisted that the common law rule on this question prevails here since there is no Hawaiian judicial precedent to the contrary and therefore in order to create a forfeiture for non-payment of rent the precise sum must be demanded and the demand must be made immediately preceding sunset on the due day, so that the money

may be counted and the necessary receipt or acquittance given, while there is light enough reasonably to do so and the demand must be made upon the land, and at the most notorious place of it, and at a dwelling house and at the front door of the house, unless a place of payment is mentioned, when it must be there demanded. The demand must in fact be made although there be no one upon the land ready to pay.

Whether or not, for the purposes of summary proceedings, under the statute, a demand for the rent under the common law rule is necessary before a forfeiture can be claimed, in the absence of any stipulation in the contract on the subject, it is not necessary to determine in this case, since the parties placed a stipulation in the lease expressly waiving a demand as a prerequisite for claiming a forfeiture for non-payment of rent.

4. That the evidence, as given before the District Magistrate, over defendant's objection, showed no cause for forfeiture on account of non-payment of taxes, for several reasons; (a) that the plaintiff failed to return the property for taxation, (b) that it did not appear that the plaintiff had paid the taxes or demanded payment by the defendant prior to the commencement of the suit, (c) that the plaintiff accepted the installment of rent due September 1, 1902, after the taxes for the year 1901 became delinquent and thereby waived her right of forfeiture on that ground.

It is sufficient answer to the first objection to state that the failure of the plaintiff to return the property did not relieve the defendant from his covenant to pay the taxes. He agreed to pay the taxes not if the plaintiff made proper return but in any event. As to the second objection it may be said that the covenant in the lease did not require the plaintiff to pay the taxes or to demand of the defendant that he pay them. The defendant knew his obligations under the lease and that he agreed to pay the taxes and that if he failed to do so a forfeiture would accrue. In regard to the last point it is possible that the law would imply to the plaintiff constructive notice of the fact that the taxes for 1901 were in default when she accepted the install-

ment of rent due September 1, 1902, although it is not claimed that she had actual notice, however, it is not necessary to decide this point, since there was no acceptance of rent after the taxes for 1902 became delinquent. These were delinquent and unpaid as well as the installment of rent due March 1, 1903, when the suit was commenced, August 21, 1903, and for such default a forfeiture of the term accrued under the covenants of the lease and the judgment for possession of the premises may be sustained.

It does not appear that any of the points relied on are well taken. The judgment appealed from is affirmed. It is so ordered.

*Robertson & Wilder* for plaintiff.
*C. W. Ashford* for defendant.