LAU DAN, LAU TONG, AND C. APAU AND SIU LUN, COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF C. APAU & CO., AND LAU KANG, HUNG HOY AND CHANG SAU, COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF KWONG SING & CO., v. L. AH LEONG.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 14, 1909. DECIDED APRIL 19, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

FORFEITURE—*lessee's nonpayment of taxes.*

The forfeiture of a lease upon the failure for about two weeks to perform a lessee's covenant to pay taxes may be relieved in equity.

OPINION OF THE COURT BY HARTWELL, C.J.

This was a bill for relief against forfeiture of a lease for breach of the lessee's covenant for payment of taxes. The second instalment of taxes for the year 1908 having become delinquent November 15, the defendant on December 2 entered upon the leased premises and declared the lease void for that cause and December 22 brought an action against the plaintiffs to quiet title in the premises. The object of the bill was to obtain an injunction to restrain the defendant from proceeding with the action.

The bill alleged that the failure and neglect to pay the taxes occurred "inadvertently and by mistake;" that December 3, 1908, one of the coplaintiffs, Lau Tong, tendered the taxes to the collector which were refused because the defendant had already paid them, and that then on the same day he tendered them to the defendant who refused them.

The defendant demurred to the bill on several grounds, the ground now relied upon being that all the matters alleged in

the bill could as well be presented in a defense to the action to quiet title except the allegation that the failure to pay the taxes occurred "inadvertently and by mistake," and as to that allegation that the court had no power to grant relief. The demurrer was overruled, the judge, as stated in the defendant's brief, ruling that the allegation of mistake and inadvertency was unnecessary under the rule in *Garrett v. Macfarlane,* 6 Haw. 435, 439. The defendant then filed his sworn answer in which he denied the allegation as to mistake and inadvertency, alleging that the nonpayment was "wilful, designed, obstinate, persistent and consciously vexatious;" that· the defendant told Lau Tong November 16 that he had not paid the taxes, to which Tong replied that he would wait until the tax office sued him, which statement he reiterated a few days after; that the defendant then said to him that he would break the lease, to which Tong replied "All right, you bring suit."

At the hearing Tong testified to the effect that he thought he had paid all his taxes until his attention was called to the matter by Francis, a deputy collector, when he opened his safe and found he was short and told the collector to call the next day; that the "second instalment of taxes was $23 and some interest; something like $25.60 ;" and it was admitted by the defendant that on the morning of December 3 his agent went to the tax office at an early morning hour and paid the taxes and as he was about to leave the tax office Tong appeared and offered to pay them.

The collector Francis testified for the defendant that after November 15, when the taxes became delinquent, "right away" he asked Lau Tong for his taxes which Tong said he did not have yet but would within a short time—within a few days; that he had three or four such talks with reference to the instalment for the first half of the year as well as for the second half; that November 24 Tong paid the first instalment and said he would pay the other shortly, but the witness did not remember that

Lau Dan v. Ah Leong, 19 Haw. 417.

Tong had asked him to come back the next day—did not think he did so or he would have remembered it; that after November 24 on two occasions he asked him to pay and was told he would pay in a few days: that when he went to his office on the morning of the third day of November (evidently intending December) Lau Tong was at the outer door and seemed to be waiting for him and said "I want to pay my taxes;" that the witness went into the office and found out that somebody else had been there and paid them and told him so.

The defendant admitted that Lau Tong would deny under oath all the averments set up in the answer. The judge in his decision found that the allegations in the answer to the effect that between November 16 and December 2 the plaintiffs were repeatedly and unsuccessfully dunned for payments of the delinquent taxes by the tax assessor had not been contradicted by the evidence of two witnesses nor by the evidence of one witness and corroborating circumstances and must therefore be taken as true; that the allegation in the answer that on November 16 Lau Tong had told the defendant that he would wait until the tax office sued him before paying his taxes and a few days after, when the defendant told him that he would break the lease, had said, "All right, you bring suit," had not been met with the requisite amount of denial and therefore must be taken as true, and ruled upon the question whether the neglect and failure of the plaintiffs to perform their covenant to pay taxes had been so "wilful and inexcusable as to warrant the court's denying that relief;" that it did not appear "that the breach of the covenant to pay taxes had been so culpable, long persisted in and detrimental as to warrant the court in denying" the relief sought, and that under all the circumstances a case for relief was made out upon the plaintiffs' payment of the taxes due with interest and costs and $100 for the defendant's attorney's fees. The defendant appealed from the decree entered in conformity with the decision.

In *Ching Tam Shee v. Hall,* 19 Haw. 190, in which a forfeiture of a lease was claimed for breach of covenants to insure, pay taxes, repair, and to build and maintain sidewalks, the court held that equity would not relieve from breach of the covenants to repair and to make and maintain sidewalks and found it unnecessary to say whether it would be granted for breach of the other covenants. The rule in *Henrique v. Paris,* 10 Haw. 411, was cited with approval to the effect that equity, regarding the performance of covenants in leases as the real object desired and that the right of entry is mere security for such performance, often relieves against a forfeiture if full and exact compensation can be made, as in case of payment of rent.

The plaintiffs' evidence does not show that their failure to pay November 15 was owing to mistake or forgetfulness, but that they intended to pay and told the collector to call again. The collector testified that they told him they would pay him in a few days. The recital in the answer of talks between defendant and the plaintiffs is not a pleading of facts but rather of evidence in support of the allegation that the nonpayment was wilful. But as correctly determined in the ruling upon the demurrer the plaintiffs' case did not require explanation of the delay and therefore the allegation in the answer that it was wilful was not responsive to the issue, whether matter of defense or not.

Whether the equity rule upon the force of responsive averments in a sworn answer is applicable to hearings on oral testimony rather than on depositions and to a statute requiring all bills to be verified by oath may admit of doubt; it certainly does not require the judge to accept recitals of conversations as literally true when not denied by two witnesses or by one witness corroborated by circumstances.

Decree affirmed.

*E. C. Peters* for plaintiffs.

*A. S. Humphreys* (*J. Lightfoot* with him on the brief) for defendant.