EMMA A. DE FRIES *v.* S. M. KANAKANUI,
TRUSTEE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 2, 1911.        DECIDED DECEMBER 11, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*summary possession—action purely possessory.*
> Proceedings under R. L. §§2089 and 2090 are purely of a possessory nature and do not involve questions of title and their object is merely to put out of possession those who are in possession.

ID.—*parties defendant—sublessee in possession.*
> In an action of summary possession of land under the statute a sublessee in possession is a necessary party defendant.

ID.—*parties plaintiff—grantee of lessor.*
> A conveyance of leased premises carries with it the right to sue for the possession upon a forfeiture for breach of condition.

OPINION OF THE COURT BY PERRY, J.

This is an action for summary possession instituted in the district court of Honolulu and tried on appeal in the circuit court of the first circuit. One Heleluhe on April 12, 1906, executed a lease to the defendant of two parcels of land not adjoining each other for the term of twenty years, the lessee paying $500 in advance in full for the whole term and further agreeing to pay all taxes for which the land or any part thereof might be liable during the term. The lease contained the usual clause authorizing the lessor upon breach on the part of the lessee of any of the covenants without notice or demand to enter upon the demised premises and thereby determine the lease and to remove, forcibly if necessary, the lessee or those claiming under him. On June 6, 1906, the lessee executed to one Yee Wo a sub-lease of one of the parcels of land. Heleluhe conveyed both parcels to the plaintiff by deed dated July 1, 1911. The taxes which accrued since the date of the orig-

inal lease not having been paid by the lessee or any one under him, the plaintiff, after acquiring title, paid all of the taxes due and on July 24, 1911, served notice upon the defendant declaring the lease forfeited and demanding possession. In the month following the present action was instituted. These facts are undisputed. They appear in part from the evidence of the plaintiff herself and in part from evidence offered by the defendant and which to all intents and purposes must be regarded as having been admitted by the trial judge who held that the facts thus offered to be proven by the defendant did not constitute a defense and awarded judgment for the plaintiff for the possession of all of the land. The case comes to this court on the defendant's exceptions.

At the close of the plaintiff's case the defendant moved for a nonsuit on the ground, among others, "that the real party in interest has not been made a party defendant." This exception must, we think, be sustained. The action of summary possession provided for by our statute is possessory only and does not try the title. While it does not lie between parties other than those between whom the relation of landlord and tenant exists, it is equally essential to its maintenance that the person sued should be in the possession of the property involved. Section 2089, R. L., provides that "Whenever any lessee or tenant of any lands  *  *  *  or any person holding under such lessee or tenant, shall *hold possession* of such lands *  *  *  without right, after the determination of such tenancy  *  *  *  the person entitled to such premises may be restored to the possession thereof in manner hereinafter provided"; section 2090 that "the defendant shall be summoned to answer the complaint of the plaintiff, for that the defendant *is in the possession* of the lands  *  *  *  and no other declaration shall be recognized," and section 2094 that "if the defendant shall be defaulted, or if on the trial it shall be proven to the satisfaction of the magistrate that the plaintiff is entitled to the possession of the premises, he shall have judg-

ment for the possession thereof   *   *   *   and execution shall issue accordingly. The writ of possession shall issue to the high sheriff   *   *   *   commanding him to remove all persons from said premises, and to put the plaintiff or his agent into the full possession thereof." The only purpose of the proceeding is to put out of possession tenants who are in possession and thereby restore the possession to the lessor. It may become necessary incidentally in the trial of such cases to determine the issue, if it is raised, of whether the tenancy has terminated either by efflux of time or by reason of forfeiture, but this is merely incidental to the final and only relief concerning the possession. Aside from this, issues of title are not to be determined. In *Carter v. Wing Chong Wai Co.*, 12 Haw. 291, an action of summary possession under our statute, the original lessees, who were not parties, had assigned the lease and the assignees had in turn assigned to others, although by way of security only. The first assignees and the mortgagees were all made parties defendant. At the close of the plaintiff's case the defendants moved to dismiss the action as to the mortgagees on the ground of misjoinder, for the reason that they were not shown to be in possession. Upon exceptions to the overruling of the motion the court said: "It is contended on behalf of the plaintiff that inasmuch as the lease was assigned to Sing Chong & Co., although as security only, they must be held to have the legal title and to be liable as assignees, whether in possession or not, upon all the covenants that run with the land.   *   *   *   Let us assume that such is the law. It does not necessarily follow that a summary proceeding of this kind could properly be brought against them if they were not in possession. The lessees themselves, whether they had mortgaged their lease or not, would likewise be liable upon their covenants, but it would not necessarily follow that summary proceedings could properly be brought against even them if they were not in possession. The statute seems to contemplate not only that the relation

De Fries v. Kanakanui, 20 Haw. 712.

of landlord and tenant should exist, but also that the tenant should be in possession. The proceedings are wholly statutory and may be pursued only so far as permitted by the statute. * * * No doubt the mortgagees are interested in the result, but the statute does not permit all persons in interest to be made parties, however desirable that may be; it permits those only to be made defendants who are in possession, for the proceeding is purely of a possessory nature and does not involve questions of title, and the object is merely to put out of possession those who are in possession. * * * But may not the mortgagees be joined as landlords with their mortgagors as tenants? In jurisdictions in which the action of ejectment may try the title to the land as well as the right of possession, landlords may be joined as co-defendants with their tenants, * * * and mortgagees and mortgagors have been regarded as holding the relation of landlord and tenant for such purposes. * * * But where ejectment is a possessory action only and does not try the title, landlords cannot properly be joined as co-defendants with their tenants, and if they are so joined a nonsuit may be granted as to them. * * * Summary proceedings under our statute are, as we have seen, merely possessory and would therefore seem to be analogous to those actions of ejectment which are merely possessory, in which landlords cannot properly be joined with their tenants." The law as there stated is applicable in the case at bar and requires that the sublessee in actual possession of the property be made a party defendant. Whether his landlord, the original lessee, is a necessary or even a proper party defendant need not be determined in this case, for he has been made a party and has raised no objection to the procedure followed. A judgment against the present defendant would not avail the plaintiff as against the sublessee. It may be that the latter, if joined, would have available to him one or more defenses not presented by the present defendant. Irrespective of whether the original lessee is properly in court the sublessee should certainly be

made a party in order to render effective such writ of possession, if any, as may be issued in the cause.

The trial court found that in spite of the plaintiff's notice of determination of the lease the defendant "had continued in possession of said land and premises and was still holding the same against the plaintiff." We understand that by this reference was had to a constructive possession of the lessee through his sublessee, for the evidence on the point is undisputed.

The reasoning of the court in *Carter* v. *Wing Chong Wai,* supra, requires further a ruling in the case at bar, upon the evidence now before the court, that as to the other piece of land the plaintiff cannot in any event recover, for the reason that the defendant was not at the date of the institution of the action in possession and that the land was then and has been at all times since the date of the lease in the possession of one claiming adversely to the lessor. The remedy available under the statutory provisions here invoked being possessory only, no relief as to the second parcel can be had by the plaintiff against the defendant if the latter is out of possession.

It is also contended by the defendant that the plaintiff as grantee of the original lessor does not succeed to the lessor's right to reenter upon breach of condition. The law has been held to the contrary in *Henriques* v. *Paris,* 10 Haw. 408, where the court said "that a conveyance of leased premises carries with it the right to possession upon a forfeiture for breach of condition." Whether the right to which the grantee thus succeeds relates merely to breaches occurring after the date of the deed or as well to prior breaches is immaterial, for in the case at bar the breach was of a continuing nature. The taxes accruing after the date of the lease continued due to the government until paid and the failure to pay them constituted a breach of the lessee's covenant as long as that failure continued.

Upon the denial of the motion for a nonsuit the defendant offered to introduce certain evidence which was claimed by

De Fries v. Kanakanui, 20 Haw. 712.

him to constitute a defense of waiver of the breach or of estoppel to claim it, and the trial court held that the evidence thus offered did not constitute a defense. In view of our conclusion that the cause cannot in any event proceed in its present condition as to parties, we deem it unnecessary to pass upon the question last mentioned. At a new trial one or more additional defenses may be presented which may prevail or additional evidence may be adduced tending to strengthen the defense of waiver and estoppel or these defenses may be found upon the evidence to be unfounded in fact.

The objection that the exception to the decision on the ground that it is contrary to the law and to the evidence is too general to permit of the consideration of any of the questions argued under it is not considered, since the exception to the denial of the motion for a nonsuit upon the ground of nonjoinder is beyond doubt sufficiently specific.

The exception to the refusal of a nonsuit is sustained and a new trial ordered.

*L. Andrews* (*E. Murphy* with him on the brief) for plaintiff.

*W. A. Greenwell* (*Castle & Withington* on the brief) for defendant.