## SAMUEL M. KANAKANUI, TRUSTEE, AND YEE WO *v.* EMMA A. DE FRIES.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 29, 1912.                    DECIDED MAY 7, 1912.

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

LANDLORD AND TENANT—*relief in equity against forfeiture of lease.*
    Equity will relieve against the forfeiture of a lease for the lessee's failure to pay taxes where such failure was not due to gross negligence and was not persistent and wilful. Where the

lessee has been lulled into non-action by equivocal conduct on the part of the lessor the failure to pay the taxes may be regarded as not wilful and persistent.

OPINION OF THE COURT BY ROBERTSON, C. J.

In a bill for an injunction to restrain the respondent from prosecuting an action of ejectment for the recovery of two pieces of land situate at Waikiki, Honolulu, the complainants alleged that on April 12, 1906, the complainant, S. M. Kanakanui, Trustee, leased the land in question from one Wakeki Heleluhi for the term of twenty years from July 1, 1906, in consideration of the payment of five hundred dollars rental, in advance, for the whole term, the lessee covenanting to pay the taxes; that Kanakanui, on June 6, 1906, leased one of the pieces to the complainant Yee Wo for the whole of said twenty-year term; that thereafter, but prior to August 20, 1907, Kanakanui endeavored without success to obtain possession of the other of said pieces of land, it being in the possession of a third party who denied the complainants' right thereto; that a few days thereafter Kanakanui told Wakeki Heleluhi of this and asked her to put him in possession of that piece, but she replied that she could not do so; that in the early part of the year 1907, Wakeki Heleluhi asked Kanakanui why he did not pay the taxes, to which he replied that as he had not been put into possession of all the land he considered that he was not liable for the taxes and that he would not pay them until he should be put into possession, and that Wakeki Heleluhi replied, "all right;" that on July 1, 1911, Wakeki Heleluhi sold and conveyed the premises demised as aforesaid to Kanakanui to the respondent in this case; that sometime prior to August 29, 1911, a notice dated July 24, 1911, was posted on the premises held by Yee Wo, signed by the respondent and two witnesses, declaring that, because of the non-payment of the taxes in accordance with the terms of the lease of April 12, 1906, re-entry was made upon the premises and the lease declared

Kanakanui v. De Fries, 21 Haw. 123.

forfeited and cancelled pursuant to the provisions therefor contained in said lease; that no such notice was served upon the complainants; that subsequent to said purported re-entry but prior to August 29, 1911, the respondent's attorney made demand on Kanakanui for payment of the taxes, and that complainant said that he was ready to pay the same, but did not know the exact amount, requested the attorney to furnish him with a statement of same, and that the attorney promised to furnish such statement but never did so; that after said demand but prior to August 29, 1911, Kanakanui tendered to the respondent the amount of all taxes due on said premises with penalties and interest thereon, amounting to $113.25, but respondent refused to accept the same; that complainants have always been able and ready and now offer to pay all sums for which they or either of them are equitably liable for taxes and expenses; that the complainants refrained from paying the taxes relying on the agreement between Wakeki Heleluhi and Kanakanui that the latter should not pay the same until he was placed in possession of all the land demised to him; that on August 29, 1911, the respondent brought a proceeding for the summary possession of the premises demised by the lease of April 12, 1906, and obtained judgment which was reversed by this court (20 Haw. 712) and the action was afterwards discontinued; and that on January 10, 1912, the respondent instituted an action of ejectment to recover the possession of said premises.

The respondent demurred to the bill on the grounds that the complainants have an adequate remedy at law, and that there is no equity in the bill. The demurrer was sustained, and the bill dismissed.

The complainants base their claim to relief upon two grounds. The first is that the respondent's grantor, by her conduct, waived the right to require the payment of the taxes and estopped herself from claiming a forfeiture of the term

because of the failure to pay them, and, hence, that the respondent also is so estopped. It is in connection with this ground that the respondent contends the complainants have a full and complete remedy at law. In this jurisdiction equitable estoppels are recognized and enforced in actions at law, and we assume that the estoppel or waiver which is claimed by the complainants to have resulted from the conversation between Kanakanui and Wakeki Heleluhi, and the alleged agreement of the latter to waive the taxes, would be as available to the complainants in the ejectment case as in this. If there were nothing else in the case we should have to affirm the decree.

Complainants' second ground is that, aside from any question of waiver or estoppel, the bill states a case which entitles them to relief from the forfeiture upon well settled principles of equity. The respondent's reply to this contention, and her ground of demurrer to this aspect of the bill, is that it appears from the bill itself that the failure to pay the taxes has been so wilful and persistent that the complainants are not entitled to the interposition of equity to save them from the forfeiture. It is upon this point that the case turns.

The jurisdiction of courts of equity to relieve tenants from the forfeiture of their estates by reason of the non-payment of rent when due is thoroughly established and has long been recognized in this jurisdiction. *Wirt* v. *Phillips,* 1 Haw. 61; *Garrett* v. *Macfarlane,* 6 Haw. 435; *Henrique* v. *Paris,* 10 Haw. 408. The law on the subject was well stated in the case last cited as follows: "Courts of equity regard the performance of covenants in leases as the real object desired, and the right of entry as mere security for such performance, and so they do not always hold parties strictly to their legal rights, but often relieve against a forfeiture, especially if full and exact compensation can be made to the injured party. Accordingly, in case of a breach of a covenant to pay rent, relief is generally granted against a forfeiture, because payment of the

rent with interest thereon is deemed full and exact compensation. But in the case of other covenants, as to repair, insure, clear off lantana, etc., relief will not generally, except in cases of fraud, mistake, accident or surprise, be granted, because the exact compensation cannot be ascertained. And even in cases where exact compensation can be made relief will not be granted if the breach is due to gross negligence or is persistent and wilful on the part of the lessee." 10 Haw. 411. In regard to taxes, it has been decided that the payment of taxes may be made a condition of forfeiture of a term, and that it is not necessary for the lessor to first pay them or to demand that the lessee pay them before insisting on the forfeiture accruing from their non-payment. *Cornwell* v. *Colburn,* 15 Haw. 632. Also, it has been decided, that equity will relieve against such a forfeiture, upon the same principle as in the case of the non-payment of rent. *Lau Dan* v. *Ah Leong,* 19 Haw. 417. In that case the complainants sought and obtained an injunction to restrain the defendant from proceeding with an action at law wherein he sought to establish title to land, the plaintiff's claim being based on an alleged forfeiture of a lease held by the complainants for non-payment of taxes. It was held that the complainants were entitled to be relieved from the forfeiture upon their paying the amount of the taxes with interest and costs and the defendant's attorney's fees. That case is authority for the sustaining of the bill in the case at bar unless the difference in the facts and circumstances require a different conclusion. The complainants may be entitled to equitable relief regardless of the question of estoppel. The question is whether, upon the facts alleged in the bill, it appears that the default of the complainants has been so persistent and wilful that they are not in a position to invoke the aid of equity. At first blush it would seem that so long a time had elapsed since the default first occurred that it ought to be so regarded. On the other hand the allegations show that there were several circumstances

of extenuation. The failure and inability of the lessor to put the lessee into possession of one of the pieces of land demised gave to the lessee a claim against the lessor which, presumably, would amount to an equivalent of several years taxes on the piece that the lessee was put into possession of. The lessor took no steps toward claiming a forfeiture though she was told by the lessee that he considered he was not required to pay the taxes unless he should be put into possession of all the land. This condition continued for four years or more. The lessee was lulled into non-action. Things remained in *statu quo* until after July 1, 1911, when the respondent purchased the reversion. On July 24th re-entry was made, but following that the respondent's attorney demanded of the lessee payment of the taxes and upon being informed that the lessee was ready to make payment but did not know what amount was due, he promised to furnish a statement of the amount, though he did not do so. Thereafter the lessee made a tender of the amount to the respondent, evidently having ascertained the amount in the meantime. The tender was refused and suit brought upon the forfeiture on August 29, 1911. The action which it is now sought to restrain was instituted in January of the present year, four months or more after the lessee had made tender of the amount of taxes plus penalties and interest. The respondent can now be made whole by the payment of money. And it is proper to take into consideration the fact that upon obtaining the lease the lessee paid the rent in advance for the full term of the demise. Under all the circumstances, we think the lessee's failure to pay the taxes was not "persistent and wilful" within the meaning of the rule and that the bill states a case for equitable relief. The demurrer should be overruled.

The decree appealed from is reversed and the case remanded to the circuit judge.

*W. A. Greenwell* (*Castle & Withington* on the brief) for complainants.

*Lorrin Andrews* for respondent.