## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### JOHNSTON V. HARGROVE.

#### DECEMBER 3d, 1885.

1. LANDLORD AND TENANT—*Re-entry—Common law—Statutes.*—By an ancient rule of the common law, before lessor can exercise a stipulated right of re-entry for breach of covenant to pay rent, he must make an actual demand upon the tenant for the payment thereof, unless by special agreement the requirement of demand has been dispensed with. The rule as respects the necessity for demand remains unaltered here by statute. Code 1873, ch. 113, § 21.

2. IDEM—*Notice to quit—Agency—Tender—Case at bar.*—H., tenant of J. of premises in city of R. for five years for rent, payable first day of each month, under a lease with clause of re-entry for ten days' default in paying any instalment of rent, was, April 12th, 1883, in default for rent for preceding month, and J. notified H. that unless he quit the premises in five days he would proceed against him for the unlawful detainer thereof. Next day H. tendered the rent to G., who had been acting as J.'s agent in the matter, but G. refused to receive it. Seven days after the notice J. brought unlawful detainer for the premises.

HELD :

    1. As J. had made no demand for the rent in arrear, his action was not maintainable, either at common law or under the statute. Code 1873, ch. 130, § 4.

    2. Service of notice on H. to quit did not revoke G.'s agency, and the tender of the rent in arrear within the statutory period of five days, would, even had there been a demand for the rent, have defeated the action under the statute.

Error to judgment of circuit court of the city of Richmond, in an action of unlawful detainer, wherein John W. Johnston was plaintiff and N. D. Hargrove was defendant.

The defendant was the tenant of the late Judge John A. Meredith, from whom he had a lease of the premises in controversy (situate in said city) for a term of five years, commencing December 1st, 1880, at a stipulated rent, payable in equal monthly instalments on the first day of each month. In 1882 the premises were sold and conveyed in fee-simple to the plaintiff by the executrix and devisee of Meredith, who in the meantime had died, leaving a will which was duly probated. The deed of lease contains a clause of re-entry in the following words: "And the lessor may re-enter for the default of ten days in the payment of any instalment, or for the breach of any covenant herein contained." And this clause enured to the benefit of the plaintiff as the grantee of the reversion.

On April 12th, 1883, the defendant, not having paid the rent for the preceding month, the plaintiff caused to be duly served upon him on that day a written notice, as follows: * * "This is to notify you that unless, within five days, you quit the premises, now unlawfully occupied by you, I will proceed against you for the unlawful detainer thereof. You failed, within ten days from April 1st, 1883, to pay the rent due for the month of March, 1883." Seven days thereafter the present action was instituted.

It appears that after the purchase of the premises, the plaintiff's son acted as his agent in collecting the rent, and that he regularly collected and receipted for the same, including the rent for the month of February, 1883; that on the day after the written notice was served on defendant the latter, through his agent, tendered to the plaintiff's son the rent due for the preceding month, which he declined to receive; that there was at all times sufficient property on the premises, subject to distress, from which the rent could be realized, and that no demand for the payment thereof was made by the plaintiff before the action was brought.

Upon these facts, among others, a verdict was returned for the defendant; and judgment having been rendered in accordance therewith, the plaintiff applied for and obtained a writ of error.

*Dinneen & Spotswood,* for the plaintiff in error.

*Meredith & Cocke,* for the defendant in error.

LEWIS, P., after stating the case, delivered the opinion of the court.

The questions upon which the decision of the case must turn may be considered in connection with the two instructions which were asked for by the plaintiff and refused. And that involves the inquiry : First, whether the action is maintainable by virtue of the proviso of re-entry contained in the lease, independent of statutes; and if not, then, second, whether it can be maintained under the statute relating to the action of unlawful detainer.

A stipulation in a deed of lease of re-entry for default in the payment of rent for a given period, is made by statute equivalent to an agreement that upon the happening of such event, the lessor may re-enter "upon the demised premises, or any part thereof, in the name of the whole, * * and the same may again have, repossess and enjoy as of his former estate." Code 1873, ch. 113, sec. 21.

But this statute was not designed to alter the rules of the common law in respect to the forfeiture of estates for non-payment of rent, but to authorize a concise and abbreviated form of leases and other conveyances. Counsel for the plaintiff, however, differently construing the statute, moved the court to instruct the jury in effect that if the rent for the

month of March, 1883, was not paid or tendered by the defendant on or before the 10th of April, 1883, such default on the part of the defendant *ipso facto* terminated the tenancy, and the plaintiff was entitled to recover.

We are of opinion that this instruction was properly refused. The general rule undoubtedly is, as between creditor and debtor, that the latter must seek out the former and pay or tender payment of the debt when it becomes due. But this rule has no application to a case like the present. This is a case of an alleged forfeiture, and since forfeitures are never favored in the law, it is an ancient rule of the common law, that before the lessor can exercise a stipulated right of re-entry for breach of a covenant to pay rent, he must make *an actual demand* upon the tenant for payment thereof, unless by special agreement between the parties the requirement of demand has been dispensed with.

"Though the rent be behind and not paid," says Lord Coke in treating of estates upon condition, "yet, if the feoffor doth not demand the same, &c., he shall never re-enter, because the land is the principal debtor; for the rent is out of the land, and in an assize for the rent the land shall be put in view," &c. Co. Lit. 201, *b.*

And how, when and where demand must be made is well settled by the authorities. Thus, it must be for the *precise* sum due for the last current quarter or instalment, on the day it is due, at some convenient hour before sunset on that day, on the premises, at the most notorious place thereon, and if there be a dwelling-house, at the front-door thereof. And where the right of re-entry is made to depend upon the fact that the rent shall be behind and unpaid for a specified period after the same becomes due, the demand must be made on the last day of the extended time; otherwise the lessor is not entitled to re-enter; for every required formality must be strictly observed.

In *Doe* v. *Wandless,* 7 A. T. R. 117, ejectment was brought to recover certain lands held by the defendant under a lease which contained the following proviso : " That if it shall happen that the said yearly rents hereby reserved, or any part thereof, shall be behind and unpaid by the space of thirty days next after the said days of payment, &c., contrary to the true intent and meaning of these presents; or in case the said defendant, his executors, &c., shall at any time during the said term alien, &c., then and in either of such cases it shall and may be lawful for the said Foster, his executors, &c., into the said demised premises to re-enter," &c.   The defendant contended that the lessor of the plaintiff could not recover either at common law or under the statute of 4 Geo. II, c. 28 ; not by the former, because the rent was not demanded on the day when it became due; nor by the latter, because there was a sufficient distress on the premises.   On the other hand, the plaintiff relied on the express covenant of the defendant that the lessor should re-enter upon the event which had happened— namely, the non-payment of rent when it became due.   But the latter view was not sustained by the court, and judgment was rendered for the defendant, Lord Chief Justice Kenyon delivering the opinion.   See also *Doe* v. *Paul,* 3 C. & P. 613 (14 Eng. C. L. 483); *Connor* v. *Bradley,* 1 How. 211 ; *Jackson* v. *Harrison,* 17 Johns, 66 ; *Remsen* v. *Conkling,* 18 Id. 447 ; *Van Rennselaer* v. *Jewett,* 2 N. Y. 141 ; *Smith* v. *Whitbeck,* 13 Ohio St. 471 ; *Gage* v. *Bates,* 40 Cal. 384 ; Taylor's Land. & T., sec. 297 ; Id. sec. 493.

And it seems that a clause of re-entry for non-payment of rent is in general considered as a mere *security* for the rent, and that a forfeiture will not be enforced, although demand for the rent be made; provided, the tenant satisfies the rent due, and compensates the landlord for any damages he may have sustained in consequence of the former's default.   Taylor's Land. & T., sec. 495.   See also Code 1873, ch. 134, sec. 20.

Such are some of the doctrines of the common law on the subject of stipulated forfeitures for the non-payment of rent. By statutes, however, in many of the States, as in England, the common law formalities of a demand are dispensed with, by providing that an action may be brought as a substitute for such demand in cases where no sufficient distress can be found upon the premises. And we have a similar statute in this State. It applies, however, only to the action of eject-ment service of a declaration, in which it provides "shall be in lieu of a demand and re-entry," and then further provides that "upon proof to the court, by affidavit in case of judgment by default, or upon proof on the trial that the rent claimed was due, and no sufficient distress was upon the premises, * * and that the plaintiff had power thereupon to re-enter, he shall recover judgment," etc. Code, ch. 134, sec. 16.

But inasmuch as this is not an action of ejectment, this stat-ute may be laid out of view. And since it appears that no demand for the rent has been made by the plaintiff, the una-voidable conclusion is that the present action is not maintain-able on the principles of the common law.

The remaining question is, whether it can be maintained under the statute relating to the action of unlawful detainer. And upon this point little need be said. The fourth section of the act enacts as follows: "If any tenant or lessee of premises in a city or town being in default in the payment of rent shall so continue for five days after notice in writing requiring pos-session of the premises or the payment of rent, such tenant or lessee shall thereby forfeit his right to the possession. In any of such cases the possession of the defendant may, at the option of the landlord or lessor, be deemed unlawful, and he may proceed to re-enter the same in the manner provided by this chapter." Code, ch. 130, sec. 4.

In the present case the defendant, on the next day after the

notice was served, tendered to the plaintiff's son the precise sum then due. But the latter refused to accept the money, not on the ground, so far as the record discloses, that he was not authorized to receive it, but doubtless for the reason that he supposed the defendant's right to possession of the premises had been forfeited.

It is now contended, however, by the plaintiff that service of the notice was a revocation of the agency of the son, and was notice of the fact to the defendant. But this position is not well taken. On the contrary, construed in the light of the statute under which it was given, and the previous course of dealing between the parties, the notice was the same, in effect, as if the plaintiff had said to the defendant "unless within five days you pay to myself or agent the rent now due, your possession will be deemed unlawful." And consequently the tender to the son, who had regularly theretofore acted as the plaintiff's agent in collecting the rent, was a valid tender, as the defendant insists. For it is not contended that the son's agency has ever been formally revoked, or otherwise than constructively by the notice to quit. And the circuit court, therefore, properly refused to instruct the jury that after service of the notice payment or tender of payment could lawfully be made only to the plaintiff in person. There was nothing in the case to warrant any such instruction, and it would have been manifest error to have given it. And since it thus appears that the defendant, having promptly tendered the rent in arrear, did not continue in default "for five days after notice in writing requiring possession of the premises," it follows that the plaintiff is not entitled to recover, and the judgment must be affirmed.

JUDGMENT AFFIRMED.