In the Matter of the Application
of KAPIOLANI BLVD. LANDS, INC.

MARCUS GORMLEY INGLE, et al., Petitioners-Appellees
v. AMALGAMATED INVESTMENT, INC., et al.,
Respondents-Appellants

NO. 5854

APRIL 18, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an appeal from an order of the land court cancelling an agreement of sale of a condominium apartment and removing the notation of the document from a land court certificate of title. We reverse.

Amalgamated Investment, Inc. (the corporation), was an Hawaii corporation and the purchaser under the agreement of sale. Pursuant to HRS § 416-122, the corporation was involuntarily dissolved on March 1, 1972. Trustees for the stockholders and creditors of the corporation were not appointed by the director of regulatory agencies until July 26, 1974. Meanwhile, the sellers gave notice of cancellation of the agreement of sale upon the ground that the corporation had been adjudicated insolvent. Although questions have been raised on this appeal with respect to the form and timeliness of the notice, the sole question considered by the land court was whether the statutory dissolution of the corporation gave rise to a breach of the following provision contained in the agreement of sale:

> 2. That time is of the essence of this agreement, and . . . (c) if the Purchaser (or any of them if there be more than one) shall be adjudicated a bankrupt or an insolvent or shall file any petition or answer seeking relief as a debtor under any law for the relief or aid of debtors, or shall enter into any arrangement or composition with creditors, or if a receiver shall be appointed with respect to the property herein described, or if the property herein described or any part thereof shall be seized or levied upon under any legal process or claim of legal right, then and in any such event the Seller may either:

> (a) Cancel this agreement upon ten (10) days' written notice . . . .

There was no finding by the land court that the corporation was in default under any covenant or condition of the agreement of sale otherwise than as a result of the dissolution. The sellers, appellees here, contend that involuntary dissolution of the corporation was the equivalent of an adjudication of insolvency and that the trustees for the creditors and stockholders of the corporation under Ch. 416

were the equivalent of receivers, within the meaning of the quoted provision of the agreement of sale. We do not agree.

Covenants in an agreement of sale for the breach of which a forfeiture is claimed, as in a lease of land, must be strictly construed. *Cf. Hawaiian Homes Commission v. Bush,* 43 Haw. 281 (1959). There are marked and significant differences between the factual and legal implications of an adjudication of insolvency and the involuntary dissolution of an Hawaii corporation, and between trustees for the creditors and stockholders of a dissolved corporation and receivers of its assets. Upon the involuntary dissolution of a corporation, HRS § 416-123 provides that its directors shall become trustees for the creditors and stockholders until other trustees are appointed by the director of regulatory agencies. HRS § 416-124 vests the title to the assets of the corporation in such trustees and prescribes their powers. Appointment of receivers for a corporation, in cases of deadlock among the directors or stockholders, is provided for in HRS § 416-128. Where such receivers are appointed, their powers and duties are fixed by court order, and the existence of the corporation continues until all of its assets have been distributed to its stockholders or applied to the payment of its obligations. Neither of these statutory procedures is dependent upon a finding of the corporation's insolvency.

By their choice of language, the parties provided in the agreement of sale for the contingencies of an adjudication of the insolvency of the corporation or the appointment of a receiver of its assets. We need not consider whether the remedy of forfeiture might have been invoked had either of these events occurred. In the absence of a finding that one of the conditions provided in the agreement of sale had occurred, the appellees were not entitled to prevail in this action. It was error for the land court to conclude that the involuntary dissolution of the corporation and the consequent appointment of trustees constituted such an occurrence. There was no finding by the land court whether other events of default had occurred, although the complaint so alleges. This question, and the attendant consequences, will be for the consideration of the land court upon remand.

4

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*David H. White (Okano, Noguchi and Wong* of counsel) for Respondents-Appellants.

*Thomas P. Gill (Gill, Park & Park* of counsel) for Petitioners-Appellees.